United States Court of Appeals
Fifth Circuit

**F I L E D**

**April 14, 2003**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

No. 02-50977
Summary Calendar

STEVEN F. ESPINOZA,

Plaintiff-Appellant,

versus

JO ANNE B. BARNHART, COMMISSIONER
OF SOCIAL SECURITY,

Defendant-Appellee.

Appeal from the United States District Court for
the Western District of Texas
(USDC No. SA-01-CV-1014-EP)

Before REAVLEY, SMITH and STEWART, Circuit Judges.

PER CURIAM:*

    Steven Espinoza appeals the district court's order dismissing his 42 U.S.C. §

405(g) suit appealing the Social Security Administration Commissioner's denial of Title

---

    *Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion
should not be published and is not precedent except under the limited circumstances
set forth in 5TH CIR. R. 47.5.4.

II disability insurance benefits and Title XVI supplemental security income. We affirm.

1.      Our review of the Commissioner's decision is limited to determining whether that decision is supported by substantial evidence on the record as a whole and whether the Commissioner employed the correct legal standards. Ripley v. Chater, 67 F.3d 552, 555 (5th Cir. 1995). Substantial evidence is more than a scintilla but less than a preponderance and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. Id. We may not reweigh evidence or substitute our judgment for that of the Commissioner. Id.

2.      The ALJ found that Espinoza suffers from a medically determinable physical impairment that could reasonably be expected to produce Espinoza's pain and other symptoms. Accordingly, he was required to evaluate the credibility of Espinoza's statements regarding his symptoms and limitations based on a consideration of the entire case record. SSR 96-7p, 61 F.R. 34483, 34485 (1996). The ALJ's finding that Espinoza's subjective complaints regarding pain and physical limitations were exaggerated is grounded in the evidence, and his reasons are sufficiently articulated in his decision. See id. at 34485-86. Although the decision of the ALJ does not explore each of the seven factors listed in SSR 96-7p, the record demonstrates that the ALJ considered those factors. In light of Espinoza's continuing to work after the alleged onset date,[1] his prior statements to

---

[1] We note that Espinoza moved to have the onset date changed from December 28, 1999 to October 8, 2000 because he returned to work from April 4,

2

a Social Security Administration employee that he wanted to quit his job so that it would not interfere with his disability claim,[2] and his statement at the hearing that he did not even know that gainful employment might prevent him from recovering benefits, the ALJ's credibility determination is supported by substantial evidence in the record as a whole. See id. at 34486 (requiring ALJs to consider, among other things, the internal consistency of a claimant's statements when evaluating that claimant's credibility).

3.  We find no merit in Espinoza's argument that the ALJ failed to adequately consider the testimony of the medical expert in assessing Espinoza's residual functional capacity. While the medical expert made some statements which favored Espinoza, considered in its entirety his testimony supports the ALJ's finding that Espinoza is capable of light work with some restrictions. Accordingly, the hypothetical question posed to the Vocational Expert by the ALJ

---

2000 to October 8, 2000. Although the ALJ did not rule on this motion at the hearing, he found that Espinoza "engaged in substantial gainful activity since the alleged onset of disability." Thus, it is clear that the ALJ declined to change the onset date initially claimed by Espinoza.

[2] Espinoza argues that a claimant's monetary interest in the outcome of a disability claim is not an adequate reason to disregard the claimant's testimony. However, the ALJ did not find Espinoza's statements not credible because of his financial interest; rather, the ALJ found that Espinoza's working after the alleged onset date "demonstrates an ability to perform light/sedentary work for up to 30 hours a week," calling into doubt Espinoza's statements of his disabling pain and his physical restrictions and limitations.

was appropriate and was supported by substantial evidence in the record as a whole.

4. Lastly, Espinoza claims that the district court and the ALJ erred by failing to apply the holding of Watson v. Barnhart, 288 F.3d 212 (5th Cir. 2002), to the facts of his case. We disagree. In determining whether a claimant is unable to engage in any substantial gainful activity by reason of any medically determinable physical impairment, the ALJ is required to follow a five-step process. Id. at 216. The claimant has the burden of proof with respect to the first four factors. Id. A determination that the claimant is not disabled at any step of the process is generally conclusive and terminates the analysis. At step four, the ALJ determined that Espinoza is capable of engaging in his past relevant work as a telephone operator. Thus, the burden of proof never shifted to the Commissioner to prove that Espinoza is capable of engaging in another substantial gainful activity, and Watson is distinguishable. In that case, the Commissioner was required at step five to establish that Watson was capable of engaging in substantial gainful activity, and the ALJ was required to determine whether Watson could not only obtain but maintain such employment. Watson, 288 F.3d at 217. In this case, the burden was on Espinoza to prove that his impairment rendered him episodically or periodically unable to work, preventing him from maintaining employment. As the record does not demonstrate that Espinoza's impairment might periodically prevent him from working, we find no error in the ALJ's determination that

4

Espinoza is not disabled.  See id. at 218.

AFFIRMED.